**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY**

**EUGENE NABORS,**

    **Plaintiff,**

v.                                     **CIVIL ACTION NO.: 5:22-cv-59
HONORABLE FRANK W. VOLK**

**SR. TROOPER J.L. TINCHER**

    **Defendant.**

**DEFENDANT'S MOTION *IN LIMINE* REGARDING ARGUMENT, TESTIMONY OR EVIDENCE CONCERNING NEWS ARTICLES OR MEDIA COVERAGE OF EVENT**

**COMES NOW** Defendant, Sr. Trooper J.L. Tincher, by counsel, Wendy E. Greve, Daniel J. Burns, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, pursuant to the Federal Rules of Evidence, and respectfully move this Honorable Court for rulings *in limine*, precluding testimony, evidence, or arguments regarding, references to, suggestions about, or attempts to introduce any evidence of news articles or media coverage of the subject incident. In further support of this Motion, the Defendant states and avers as follows:

    I.    **Relevant Facts and Procedural History**

On or about February 2, 2022, Plaintiff, Eugene Nabors, initiated suit against West Virginia State Troopers Sgt. D.P. White and Sr. Trooper J.L. Tincher alleging that his 4th and 14th Amendment rights were violated when he was arrested on February 11, 2020. *See* Complaint at ECF 1. Plaintiff Amended his Complaint and withdrew his claims against Sgt. D.P. White and withdrew his claims of "false arrest, false imprisonment, and/or unlawful detention," but maintained claims against Sr. Trooper Tincher under 42 USC 1983 for alleged Excessive Force in violation of the 4th Amendment and a state law

claim of "Assault and Battery." *See* ECF No. 9. at pg. 1; *see also* ECF No.'s 13, 14.

Within the Amended Complaint, Plaintiff discusses that the February 11, 2020 basketball game underlying this matter gained national attention after Governor/Coach Jim Justice's post-game remarks at which time he referred to the Woodrow Wilson girls basketball team as "a bunch of thugs." *See* ECF 14, pg. 5 Plaintiff alleges the Governor/Coach Justice stated to the media that it was absurd to accuse him of racism for calling the Woodrow Wilson girls basketball team "a bunch of thugs." *Id.* at 5. Finally, Plaintiff's Amended Complaint states that Governor/Coach Justice later apologized for his comments. *Id.* Furthermore, during his deposition, Plaintiff makes it clear that he believes that the actions of the officers involved, as well as the comments of Governor Jim Justice, were done due to the color of his skin. *See* **Exhibit 1,** pgs. 144-149. Finally, in discovery, Plaintiff has produced several printouts concerning the media coverage of this case. *See* **Exhibit 2.**

II. **ARGUMENT**

In this case, Plaintiff has not filed suit against Governor Jim Justice related to the subject incident. *See generally*, ECF 14. Similarly, while Plaintiff appears to suggest that race was a motivating or contributing factor as to the subject incident, Plaintiff's Amended Complaint does not include any cause of action or any argument that race was a motivating or contributing factor as to the acts of this Defendant. However, it is anticipated that Plaintiff will make attempts to introduce testimony, evidence, or arguments regarding, references to, suggestions about, or attempts to introduce any evidence of news articles or media coverage of the subject incident.

*First*, this evidence is inadmissible as it is irrelevant pursuant to Rules 401 and 402

2

of the Federal Rules of Evidence. Rule 402 of the Federal Rules of Evidence states in pertinent part: "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. The definition of "relevant evidence" admissible under Rule 402 is defined by Rule 401. Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

In an excessive force case, generally "[t]he question to be resolved [is] whether, objectively, [the defendant's] use of force [was] excessive." Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993). While the Amended Complaint and the Plaintiff's deposition testimony seem to imply that the actions of Defendant were racially motivated, the same is irrelevant to the claims being presented. The claims, as this court is aware, are for excessive use of force and assault and battery against the Plaintiff. There are no claims for racial discrimination or otherwise that would make the subject of the Plaintiff's race relevant to the ultimate determination in this case.

*Second*, even if the Court finds this evidence to be relevant it should still be excluded pursuant to Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury and creating undue delay. Questions of confusing the issue, misleading the jury, and creating undue delay turn on whether the proof will create a side issue that will unduly distract the jury from the main issues. As none of the claims in the Amended Complaint involve matters alleging race or treatment because of the same, eliciting testimony concerning unsubstantiated claims of racial bias, discrimination or the like would be wholly improper. *See*, Rule 403.

In short, how the news media covered the alleged incident and the comments alleged made by a non-party to this matter are wholly irrelevant and highly prejudicial. The alleged actions of this Defendant and whether the same constituted excessive forece or otherwise are the sole issues to be considered by the jury.  Furthermore, while Governor Jim Justice is the chief executive officer of the State of West Virginia, he was not present at the subject basketball game in that capacity, rather he was acting as a high school basketball coach.  How Governor Justice responded to the subject incident in the media will seek only to confuse the issues in this case and serve to prejudice the jury.  As such, the introduction of the same would be improper and any news coverage of any kind, as well as the statements made therein, should be excluded.

III. **Conclusion**

**WHEREFORE**, for the reasons stated above, the Defendant respectfully asks this Honorable Court to **GRANT** his Motion *in limine* and **ORDER** the Plaintiff to act in accordance with the same.

        **SR. TROOPER J.L. TINCHER,**
        **By Counsel,**

        */s/ Daniel J. Burns*
        Wendy E. Greve, WV State Bar No. 6599
        Daniel J. Burns, WV State Bar No. 11866

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**EUGENE NABORS,**

    Plaintiff,

v.                                                                **CIVIL ACTION NO.: 5:22-cv-59**
                                                                     **HONORABLE FRANK W. VOLK**

**SR. TROOPER J.L. TINCHER**

    Defendant.

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendant, does hereby certify on this 11th day of **October 2023**, that a true copy of the foregoing ***DEFENDANT'S MOTION IN LIMINE REGARDING ARGUMENT, TESTIMONY OR EVIDENCE CONCERNING NEWS ARTICLES OR MEDIA COVERAGE OF EVENT*** has been filed with the Clerk of the Court using the CM/ECF system which provides a copy of such filing to counsel of record at the addresses listed below:

| | |
|---|---|
| L. Dante DiTarapano, Esquire | W. Jesse Forbes, Esquire |
| Charles F. Bellomy, Esquire | Forbes Law Offices |
| Calwell Luce Ditrapano PLLC | 1118 Kanawha Blvd., East |
| 500 Randolph Street | Charleston, WV 25301 |
| Charleston, WV 25302 | *Counsel for Plaintiff* |
| *Counsel for Plaintiff* | |

                                                     */s/ Daniel J. Burns*
                                                Wendy E. Greve, WV State Bar No. 6599
                                                Daniel J. Burns, WV State Bar No. 11866

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545

5