IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**EUGENE NABORS**,

                      **Plaintiff,**

v.                                           Civil Action No.:   5:22-cv-00059
                                         Honorable Frank W. Volk

**SR. TROOPER J.L. TINCHER,**

                      **Defendant.**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
SR. TROOPER J.L. TINCHER'S MOTION IN LIMINE TO PROHIBIT
INTRODUCTION OF EVIDENCE AT TRIAL
<u>THAT WAS NOT PRODUCED IN DISCOVERY AND RULE 26 DISCLOSURES</u>**

Plaintiff Eugene Nabors, by and through his counsel, W. Jesse Forbes of Forbes Law Offices, PLLC, and L. Dante' diTrapano and Charles Bellomy of Calwell Luce diTrapano PLLC, hereby objects to "Defendant Sr. Trooper J.L. Tincher's Motion In Limine To Prohibit Introduction Of Evidence At Trial That Was Not Produced In Discovery And Rule 26 Disclosures."

<u>**Defendant's Motion is Not Timely:**</u>

The May 14, 2024, motion in limine is not timely, having been filed long past the October 11, 2023, deadline for filing such motions.

<u>**Defendant Has Access to All Medical Records and Bills:**</u>

The Defendants assertion that Plaintiff has not specifically itemized his medical expenses and other damages in his Rule 26 Disclosures or other discovery is incorrect.  Plaintiff has provided medical records and bills to Defendant and has further provided Defendant with medical authorizations to allow Defendant to directly obtain this information.  In response to discovery

requests, Plaintiff signed releases and authorizations that permitted Defendant to obtain medical records and bills, Worker's Compensation files, and other documents that included treatment, bills and expenses incurred by him as a result of the injuries he sustained from Defendant Tincher. Defendant has the same medical records and billing information that Plaintiff possesses.

Even assuming arguendo that Defendant were correct that Plaintiff did not adequately itemize his medical bills and expenses in his Rule 26 disclosures and discovery answers, which Plaintiff disputes, the same would not preclude introduction of such evidence at trial because the alleged failure to provide a list of such damages would be harmless, as Defendant has the information and has had the same with plenty of time to prepare. See Fed. R. Civ. P. 37(c)(1).

The Fourth Circuit uses five factors to determine whether a nondisclosure of information is substantially justified or harmless:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003); *Smith v. Clark,* 2023 U.S. Dist. LEXIS 174558, *13;

Defendant has had information regarding Plaintiff's medical bills and expenses since at least 2022; has had every opportunity to obtain this information including being provided medical authorizations; was advised in Plaintiff's portion of the Pre-Trial Memorandum of the intent to potentially introduce "Itemized Billing Statements" and "Any exhibit offered by thee Defendant an/or listed separately in this Pretrial Memorandum. The Defendant himself noted in his portion of the Pre-Trial Memorandum his intent to introduce "medical records and bills procured in discovery pursuant to subpoenas and/or authorizations." Since Defendant obtained and has those records, he cannot claim surprise, nor can he assert an inability to cure that surprise.

Allowing evidence of Plaintiff's medical records and billing would in no way disrupt the trial, as it is a customary practice to do so. The medical records are of great importance, in that they show the Plaintiff did indeed suffer physical harm and injuries as a result of the actions of the Defendants. Plaintiff provided Defendant with the records and billing in his possession in response to discovery requests in 2022 and also provided authorizations and releases through which he could obtain the medical records and expenses and relied upon Defendant's ability to exercise that option. See *Exhibit 1*, *Plaintiff Eugene Nabors' Response to Defendant Sr. Trooper J.L. Tincher's First Set of Interrogatories and Request for Production of Documents*. (pgs. 1, 11, 12, 13, 14, 15, 16, 17 and attachments.) October 17, 2022.

**Plaintiff's Non-Economic Damages Cannot Be Itemized or Quantified.**

Although the Defendant has had the medical billing information for some time, the crux of Plaintiff's damages is not based on his medical bills (which Defendants have), but rather on claims that cannot be itemized or quantified without invading the province of the jury. As acknowledged by Defendant in his motion, Plaintiff's main claim is a violation of his Fourth and Fourteenth Amendment constitutional rights and privileges based upon the excessive force used by Defendant Tincher against Plaintiff Nabors during a high-school basketball game causing past and future physical pain and mental anguish; humiliation and embarrassment; and an impairment of his capacity to enjoy life. Succinctly, these are non-economic damages that must be determined by the finder of fact and Plaintiff is precluded from suggesting a specific monetary amount for these damages, instead relying upon the jury's determination in this regard.

Plaintiff's Rule 26 Disclosures stated that he seeks compensation for "all recoverable damages permitted by law relating to his injuries, resulting from the Defendants excessive force

3

and/or tortious conduct, <u>many of which are not able to be calculated to a specific figure. Therefore, Plaintiff's total damages will need to be determined through discovery and ultimately by a jury.</u>"

Plaintiff further disclosed that in addition to past and future medical bill and economic losses, he sought "<u>significant non-economic compensatory damages</u>" that included "past and future physical pain and mental anguish; humiliation and embarrassment; and an impairment of his capacity to enjoy life and all other damages permitted by applicable laws and statutes and related provisions."

In discovery, Plaintiff stated that he is seeking compensation for "mental anguish and severe emotional distress; compensation for past, present and future pain and suffering; compensation for loss of enjoyment of life….and compensation for indignity, embarrassment and humiliation," all of which are damages that no one can itemize or quantify without invading the province of the jury.

As routinely noted in cases in the United States District Court for the Southern District of West Virginia non-economic damages, including emotional damages, are difficult to quantify and require a subjective analysis. *See Smith v. United States*, 2016 U.S. Dist. (SDWV 2016) LEXIS 157630, *25, citing *In re Air Crash Disaster at Charlotte, N.C. on July 2, 1994*, 982 F. Supp. 1115, 1127-30 (D.S.C. 1997) (quantifying the pain and suffering experienced by a personal injury plaintiff is difficult in the best of circumstances; that emotional damages are unique to each plaintiff and require a subjective analysis).

Only the jury can determine the non-economic damages suffered by Plaintiff. Attempting to specifically itemize and quantify such damages in a pretrial filing is contrary to the custom and practice of allowing the jury to make that determination.

4

## CONCLUSION

For the foregoing reasons and those apparent from the record of this proceeding Plaintiff objects to Defendant Sr. Trooper J.L. Tincher's Motion in Limine to Prohibit Introduction of Evidence at Trial That Was Not Produced in Discovery and Rule 26 Disclosures and prays that same be **DENIED.**

Respectfully submitted,

**EUGENE NABORS**
By Counsel

/s/ W. Jesse Forbes
W. Jesse Forbes (WVSB # 9956)
Jennifer N. Taylor (WVSB #4612)
FORBES LAW OFFICES, PLLC
1118 Kanawha Blvd. East
Charleston, WV 25301
Telephone: (304) 343-4050
Facsimile: (304) 343-7450
*Counsel for Plaintiff*

and

L. Danté diTrapano (WVSB #6778)
Charles F. Bellomy (WVSB #9117)
CALWELL LUCE DITRAPANO PLLC
Law and Arts Center West
500 Randolph Street
Charleston, WV 25302
Telephone: (304) 343-4323
Facsimile: (304) 344-3684
*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

**EUGENE NABORS**,

           **Plaintiff,**

**v.**                                   Civil Action No.:     5:22-cv-00059
                                         Honorable Frank W. Volk

**SR. TROOPER J.L. TINCHER,**

           **Defendant.**

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Plaintiff Eugene Nabors, does hereby certify that on this 24th day of May 2024, the instant certificate of service for "***PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT SR. TROOPER J.L. TINCHER'S MOTION IN LIMINE TO PROHIBIT INTRODUCTION OF EVIDENCE AT TRIAL THAT WAS NOT PRODUCED IN DISCOVERY AND RULE 26 DISCLOSURES***" was served upon the following parties via the CM/ECF system and copy of same was transmitted via electronic mail to the following:

> Wendy E. Greve, Esquire
> Daniel J., Burns, Esquire
> PULLIN, FOWLER, FLANAGAN,
> BROWN & POE, PLLC
> James Mark Building
> 901 Quarrier Street
> Charleston, WV 25301

    */s/W. Jesse Forbes,* _____
W. Jesse Forbes, Esq. (WVSB# 9956)
Jennifer N. Taylor (WVSB #4612)
FORBES LAW OFFICES, PLLC
1118 Kanawha Blvd. East
Charleston, WV 25301
Telephone: (304) 343-4050
Facsimile: (304) 343-7450
*Counsel for Plaintiff*

and

L. Danté diTrapano (WVSB #6778)

6

Charles F. Bellomy (WVSB #9117)
CALWELL LUCE DITRAPANO PLLC
Law and Arts Center West
500 Randolph Street
Charleston, WV 25302
Telephone: (304) 343-4323
Facsimile: (304) 344-3684
*Counsel for Plaintiff*