## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY

**EUGENE NABORS,**

    **Plaintiff,**

v.                                              **CIVIL ACTION NO.: 5:22-cv-59**
                                                        **HONORABLE FRANK W. VOLK**

**SR. TROOPER J.L. TINCHER**

    **Defendant.**

## DEFENDANT SR. TROOPER J.L. TINCHER'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITON TO DEFENDANT'S MOTION IN LIMINE TO PROHIBIT INTRODUCTION OF EVIDENCE AT TRIAL THAT WAS NOT PRODUCED IN DISCOVERY AND RULE 26 DISCLOSURES

**NOW COMES** the Defendant, Sr. Trooper J.L. Tincher, by counsel, Wendy E. Greve, Daniel J. Burns, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and hereby submits the Reply to *Plaintiff's Response in Opposition to Defendant Sr. Trooper Tincher's Motion in Limine to Prohibit Introduction of Evidence at Trial that was not Produced in Discovery and Rule 26 Disclosures* (ECF No. 98). In support of his Reply, Defendant hereby submits the following:

    **I.    Introduction**

Pending before the Court is *Defendant Sr. Trooper Tincher's Motion in Limine to Prohibit Introduction of Evidence at Trial that was not Produced in Discovery and Rule 26 Disclosures.* (ECF No. 97). In response to the same, Plaintiff has filed both an objection to the pending Motion in Limine as well as a legal argument in opposition to the same on two (2) different grounds. (ECF No. 98). Before addressing the legal arguments with

respect to the pending Motion, the Defendant must address the Plaintiff's objection to the Motion.

As stated in his response, Plaintiff objects to the Motion asserting that the same is not timely, noting the prior deadline of October 11, 2023 for Motions in Limine in the Court's Amended Scheduling Order. Following the passage of the deadline for the Motions in Limine set by this Court, the parties submitted their *Parties Integrated Pretrial Memorandum.* (ECF No. 70).[1] Central to this Motion, Plaintiff lists "Plaintiff's Medical Records," "Itemized Billing Statements," and "Documents and medical records produced during the course of discovery" as exhibits he intends to offer at trial. *See* ECF No. 70, pg. 3-4. As stated in Defendant's pending Motion, Plaintiff has failed to properly provide the relevant medical records, bills and itemization of damages as set forth in the Federal Rules of Civil Procedure. As such, Defendant maintains that, in light of Plaintiff's pre-trial filings, that the current Motion is not untimely filed and should be ruled upon by this Court prior to the commencement of trial.

**II. Defendant's Motion in Limine *to Prohibit Introduction of Evidence at Trial that was not Produced in Discovery and Rule 26 Disclosures* should be granted.**

In response to the pending *Motion in Limine*, Plaintiff asserts that the same should be denied claiming that the Defendant has "access" to all medical records and bills and, separately, that Plaintiff's non-economic damages cannot be itemized or quantified. *See generally*, ECF No. 98. However, Defendant's *Motion in Limine* should nonetheless be granted by this Court.

---

[1] Both parties have sought leave from the Court, at the Court's direction, to amend their respective portions of the Integrated Pretrial Memoradum to address issues raised at the pre-trial conference held on October 27, 2023. *See* ECF Nos. 74 and 75.

Addressing his first argument, Plaintiff maintains that he has provided medical records and bills to the Defendant and further provided medical authorizations to the Defendant to allow the same to directly request such information. In doing so, Plaintiff claims that the Defendant has the same medical records and bills possessed by the Plaintiff. Plaintiff maintains that, even if he failed to properly itemize his damages, the same would be harmless in that Defendant has had access to the same documents as the Plaintiff in preparing for trial. However, as stated herein, the Defendant maintains that an Order granting the Motion is warranted in this case.

Throughout the pendency of this case, Plaintiff has asserted a claim for past, present and future medical expenses, lost wages, and has made a claim for exacerbation of pre-existing injuries, resulting in both medical expenses as well as pain and suffering. While providing the medical bills and an authorization that provides access to the information, it hardly provides the Defendant with a sufficient basis to determine what is being claimed as being related to the facts alleged in the Complaint. Additionally, as Plaintiff is apparently claiming an exacerbation of a pre-existing medical condition as part of his case, access to the records and/or bills is insufficient to afford the Defendant with sufficient information to formulate a defense in this case.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to disclose to its opposing party "a computation of each category of damages claimed by the disclosing party—who must also make available ... the documents or other evidentiary material ... on which each computation is based, including materials bearing on the nature and extent of injuries suffered...." Fed.R.Civ.P. 26(a)(1)(A)(iii). In this respect, the Second Circuit's decision in <u>Design Strategy, Inc. v. Davis</u>, 469 F.3d 284 (2d Cir. 2006) is instructive. In

Design Strategy, the Second Circuit affirmed the trial court's exclusion of plaintiff's lost profits evidence where plaintiff argued that a computation of damages could be made from the financial records it turned over because:

> by its very terms Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a "computation," supported by documents. The need for computation and supporting documents is especially necessary in a case like this, where the damages claim is for lost profits from a project of a type with which the plaintiff had little-to-no prior experience. Design's "simple arithmetic" calculation is wholly inadequate as a measure of damages...At the late point in the proceedings when Design disclosed that it would be presenting lost-profits witnesses, much greater detail than previously provided would have been necessary to satisfy Rule 26(a).

Id. at 295 (emphasis added).  While this case pertains to medical expenses, the argument holds in that simply providing records and maintaining that the Defendant is responsible for the arithmetic to come to Plaintiff's calculation flies in the face of Rule 26. Instead, a party's Rule 26(a)(1)(A)(iii) disclosure must state the types of damages that the party seeks, must contain a specific computation of each category, and must include documents to support the computations. *See*, e.g., Design Strategy, Inc., 469 F.3d at 295.

Cases discussing violations of Rule 26(a) illustrate the requirement of proof of damages, and the consequences of not offering such evidence. For example, in Al-Sabah v. Agbodjogbe, SAG-17-730, 2020 WL 354761 (D. Md. Jan. 19, 2020), the Court barred the defendant from presenting any damages evidence for his negligent misrepresentation counterclaim under Rule 37(c)(1) for failure to itemize under Rule 26(a). *Id*. at *1. In Silver State Broadcasting, LLC v. Beasley FM Acquisition, No. 2:11-CV-01789-APG, 2016 WL 320110 (D. Nev. Jan. 25, 2016), the court granted a defendants' motion in limine to preclude the plaintiffs from offering damages evidence at trial for failure to compute damages under Rule 26(a)(1). *Id*. at *2-5. Moreover, courts have held that in cases where

plaintiffs seek back wages, a plaintiff must make a good faith effort to provide the required Rule 26 computation of damages. See Viveros v. Nationwide Janitorial Ass'n, Inc., 200 F.R.D. 681, 683 ("The Court finds that Plaintiffs should be able to make a good faith estimate of damages and methods of calculations based on the information they have available").

Here, it is clear that the Plaintiff has failed to provide the Defendant with an appropriate computation of his claimed economic damages. Plaintiff asserts that he has provided the Defendant with information on the categories of economic damages that he seeks – namely medical expenses and lost wages– and that Defendant has the information necessary to calculate those damages in their possession. However, in light of Design Strategy cited above, the same is wholly insufficient. Plaintiff's Rule 26 disclosures do not provide a calculation for any alleged damages. Instead, plaintiff merely states the broad categories of damages he intends to present to the jury for determination at trial. While Plaintiff asserts that he has provided documents and access to documents in order for such a determination to be made, Rule 26, and cases cited above, require that Plaintiff specifically provide the calculation, not just the documents upon which a party *may* be able to ascertain the same.

Moreover, courts have held that in cases where plaintiffs seek back wages, a plaintiff must make a good faith effort to provide the required Rule 26 computation of damages. See Viveros, 200 F.R.D. at 683 ("The Court finds that Plaintiffs should be able to make a good faith estimate of damages and methods of calculations based on the information they have available"). As the same is sought here, providing access to employment records of the Plaintiff does not satisfy the Rule 26 requirements that Plaintiff

5

in this case specifically itemize the amount of lost wages sought by the Plaintiff. In any event, Plaintiff's Rule 26 disclosures fail to include any computation of his economic damages. Therefore, Defendant asserts that Plaintiff has failed to comply with Rule 26 with respect to his economic damages.

The Fourth Circuit has set forth a five-factor test to guide a district court's determination of whether a party's failure to disclose information is substantially justified or is harmless, namely:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003). Here, consideration of these factors points conclusively to the conclusion that Plaintiff's failure to disclose a proper damages calculation is neither harmless nor substantially justified.

First, any damages calculation would clearly surprise Defendant at this stage of the litigation. Plaintiff filed his initial Rule 26 Disclosures with the Court almost two (2) years ago. Plaintiff's discovery responses to the Defendant were filed on or about October 17, 2022. Since that time, there has been extensive additional discovery, including fact witness deposition, expert depositions, and discovery supplementation. However, at no time in the last two years has Plaintiff provided a specific, or even general, itemization of damages for any of his claims. Second, discovery in this matter closed almost a year ago, on July 17, 2023. Thus, there is no ability for plaintiff to cure the surprise to Defendant without disrupting preparations for trial in this case. At this point,

Defendant has already filed and had their motion for summary judgment ruled upon and are now preparing for trial.

Third, Plaintiff has offered no explanation for the failure to provide a proper damages calculation at any point in the litigation. To the contrary, Plaintiff argues that Defendant should be able to calculate plaintiff's damages for him by reviewing the documentation provided in discovery and speculating as to what damages Plaintiff will claim. Plaintiff cannot rewrite the requirements of the Federal Rules of Civil Procedure in this manner to transfer his burden to the Defendant. Plaintiff's claim that he inadvertently failed to provide such information also flies in the face of reason, given Defendant's specific requests for the information and the existence of this motion. Finally, there is no doubt that plaintiff's economic loss calculation is important to Defendant's case. While Plaintiff argues that the crux of their damages case rests in non-economic categories of damages, there still exists the potential for a significant award from the jury related to direct economic damages claimed by the Plaintiff. Defendant needs this information to prepare for trial and permitting Plaintiff to provide that information now would prejudice Defendant, because it would arguably require the reopening of discovery. Plaintiff's failure to disclose a proper economic damages' calculation at this stage of the litigation is therefore neither harmless nor substantially justified. Accordingly, with respect to Plaintiff's evidence regarding his economic damages, the motion in limine must be granted, and plaintiff's evidence regarding any category of economic damages must be excluded as a sanction pursuant to Rule 37(c), Fed. R. Civ. P.

As to the second part of Plaintiff's *Response*, the Plaintiff maintains that non-economic damages should not be excluded for failure to provide itemization under Rule

26. Defendant is aware that damages for pain and suffering or for indignity and punitive damages are not party-calculable damages subject to Rule 26(a)(1)(A)(iii). *See* Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n, No. 3:15-CV-01300-JMC, 2016 WL 3452734, at *2 n.1 (D.S.C. June 24, 2016); *see also* Williams v. Trader Pub. Co., 218 F.3d 481, 486 n.3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)."); EEOC v. Wal-Mart Stores, Inc., 276 F.R.D. 637, 639 (E.D. Wash. 2011) ("The Court denies the Defendant's motion to compel a computation of Plaintiff's emotional distress and punitive damages on the basis that they are issues for the factfinder."). However, to the extent any of the fourteen (14) categories of damages set forth in Defendant's discovery requests are economic in nature, the same should be excluded as set forth herein.

**WHEREFORE**, for the foregoing reasons and for those set forth in his opening *Motion in Limine*, Defendant, Sr. Trooper J.L. Tincher, respectfully moves this Honorable Court enter an Order prohibiting the introduction of any testimony or evidence not produced in discovery including damages documentation or specials that were not produced in discovery and prohibit the introduction of any exhibit not identified in discovery. Defendant respectfully requests any such other and further relief deemed just and proper by this Court.

8

          **Sr. Trooper J.L. Tincher**
          By Counsel,

          */s/ Daniel J. Burns*
          Wendy E. Greve, WV State Bar No. 6599
          Daniel J. Burns, WV State Bar No. 11866

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**EUGENE NABORS,**

    **Plaintiff,**

v.                            **CIVIL ACTION NO.: 5:22-cv-59**
                                **HONORABLE FRANK W. VOLK**

**SR. TROOPER J.L. TINCHER**

    **Defendant.**

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendant, does hereby certify on this **31st** day of **May 2024**, that a true copy of the foregoing **DEFENDANT SR. TROOPER J.L. TINCHER'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PROHIBIT INTRODUCTION OF EVIDENCE AT TRIAL THAT WAS NOT PRODUCED IN DISCOVERY AND RULE 26 DISCLOSURES** has been filed with the Clerk of the Court using the CM/ECF system which provides a copy of such filing to counsel of record at the addresses listed below:

| | |
|---|---|
| L. Dante DiTarapano, Esquire<br>Charles F. Bellomy, Esquire<br>Calwell Luce Ditrapano PLLC<br>500 Randolph Street<br>Charleston, WV  25302<br>*Counsel for Plaintiff* | W. Jesse Forbes, Esquire<br>Forbes Law Offices<br>1118 Kanawha Blvd., East<br>Charleston, WV  25301<br>*Counsel for Plaintiff* |

                                            */s/ Daniel J. Burns*
                                            Wendy E. Greve, WV State Bar No. 6599
                                            Daniel J. Burns, WV State Bar No. 11866