## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

EUGENE NABORS,

      Plaintiff,

v.                            CIVIL ACTION NO.  5:22-cv-00059

SR. TROOPER J.L. TINCHER,

      Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

Pending are Plaintiff Eugene Nabors' Motions in Limine [ECF 64], filed October 11, 2023, Motion to Amend Proposed Integrated Pretrial Memorandum [ECF 74], filed October 30, 2023, Motion for Leave to Use Court Technology and Bring Equipment into the Courtroom for Using During Trial [ECF 77], filed October 31, 2023, and Motion for Release of Petit Jury Panel Information [ECF 89], filed November 30, 2023.

Also pending are Defendant Senior Trooper J.L. Tincher's Omnibus Motions in Limine [ECF 65], Motion in Limine to Preclude Undisclosed Expert Opinions or Opinion Evidence [ECF 66], Motion in Limine Regarding Argument, Testimony or Evidence Concerning News Article Or Media Coverage Of The Event [ECF 67], Motion in Limine Regarding Argument, Testimony or Evidence Concerning Racial Motivation [ECF 68], Motion in Limine to Limit Improper Opinions and Testimony of Dr. Michael D. Lyman [ECF 69], all filed October 11, 2023, Motion to Amend Proposed Integrated Pretrial Memorandum [ECF 75], and Motion for Leave to Enlarge Time to File Motion in Limine Regarding the Enhanced Video of the Subject Event with

proposed document attached [ECF 76], both filed October 30, 2023, Motion for Release of Petit Jury Panel Information [ECF 78], filed November 1, 2023, Motion for Leave to Use Courtroom Technology and to Bring Equipment Into Courtroom for Use During Trial [ECF 79], filed November 3, 2023, Motion in Limine to Prohibit Introduction of Evidence at Trial That Was Not Produced in Discovery and Rule 26 Disclosures [ECF 97], filed May 14, 2024, and Motion for Release of Petit Jury Panel Information [ECF 103], filed July 1, 2024.

## I.

### A.    *Motions for Release of Petit Jury Panel Information [ECF 78, 89, 103]*

Inasmuch as the pending motions filed in November 2023 for the release of petit jury panel information were filed in anticipation of a previously scheduled trial date, the motions [**ECF 78, 89**] are **DENIED AS MOOT**.

On July 1, 2024, Trooper Tincher filed a renewed Motion for Release of Petit Jury Panel Information in anticipation of trial set to begin July 23, 2024. [ECF 103]. The Court **GRANTS** the motion [**ECF 103**] and **DIRECTS** the jury administrator to make available to counsel for the parties a list of prospective jurors and copies of the Juror Qualification Questionnaires for the jury panel to be used at trial.

### B.    *Motions for Leave to Use Courtroom Technology and Bring Equipment into the Courtroom for Using During Trial [ECF 77, 79]*

Inasmuch as Mr. Nabors and Trooper Tincher's Motions for Leave to Use Courtroom Technology and Bring Equipment into the Courtroom for Use During Trial do not comply with *Local Rule of Civil Procedure* 7.1(a)(9), the motions [**ECF 77, 79**] are **DENIED**. Since the filing of these erroneous motions, both parties have complied with the Local Rules and filed Notices of Certification for Use of Courtroom Technology.

2

However, the erroneous motions requested the use of additional technology that is not provided for in the standard Notice of Certification for Use of Courtroom Technology. Accordingly, the parties are **DIRECTED** to comply with the Local Rules regarding what technology is permitted in the courtroom and, to the extent training and or testing of anticipated equipment is needed, the parties are **DIRECTED** to contact the Court's information technology staff before the date of use.

### C.    *Motions in Limine*

The Court's original Scheduling Order provides as follows:

> Before filing motions in limine, Counsel are directed to first consult with one another to ascertain whether any controversy exists on the subject matter. Any resolution between Counsel should be reduced to writing and filed as a proposed stipulation for entry by the Court. The failure to consult will result in the denial of the motion without prejudice to compliance with the consultation requirement.

[ECF 12]. At the pretrial conference, the Court noted the considerable number of motions in limine filed by both parties. Mr. Nabors filed nine motions; Trooper Tincher responded in opposition to only two. Meanwhile Trooper Tincher filed omnibus motions in limine containing 14 motions, as well as six individually filed motions in limine. Mr. Nabors only responded in opposition to three of Trooper Tincher's omnibus motions but responded in opposition to all six individual motions in limine.

Obedience to the consultation requirement would doubtless have saved the clients considerable funds. Significant monetary sanctions against counsel personally are under consideration. Counsel may show cause in writing on or before July 22, 2024, explaining their apparent disregard of the Court's directive.

#### 1. Mr. Nabors' Motions in Limine [ECF 64]

##### a. *collateral source payments*

3

Mr. Nabors seeks an order instructing Trooper Tincher to refrain from introducing at trial that Mr. Nabors may have been entitled to receive, or may receive, benefits from any collateral source. [ECF 64 at 2]. Trooper Tincher does not dispute that collateral sources are generally inadmissible and asserts he does not intend on introducing argument, evidence, or suggestion of any collateral source benefits. [ECF 72 at 2]. Accordingly, the Court **GRANTS** Mr. Nabors' motion, and any disagreement respecting the scope of the ruling may be addressed at trial.

### b. *redacted medical records*

Mr. Nabors seeks an order permitting him to submit "redacted medical records and/or medical expense exhibits to conceal the existence of personal identification information, such as Social Security numbers, birthdates, or financial account numbers, and information regarding collateral source payments and discounts." [ECF 64 at 4]. In the alternative, Mr. Nabors would seek to introduce "a typewritten page summary of medical expenses incurred by Eugene Nabors in lieu of the actual bills and expenses." [*Id.*]. Trooper Tincher does not object to appropriate redactions in medical and/or billing records with respect to personal identification information, however, Trooper Tincher does object to Mr. Nabors' alternative to admit a summary of the medical bills under Rule 1006. [ECF 72 at 3].

Inasmuch as Trooper Tincher does not object to the submission of redacted medical records and/or medical expense exhibits, the Court **GRANTS** Mr. Nabors' motion and permits him to submit redacted exhibits. Any disagreement respecting the scope of the ruling may be addressed at trial.

### c. *defendant's insurance*

Mr. Nabors seeks an order instructing Trooper Tincher he is precluded from offering any mention, testimony, or other evidence of the existence or non-existence of insurance

4

coverage as it pertains to the incident and Trooper Tincher's ability to pay any damages awarded. [ECF 64 at 5]. Trooper Tincher responds that he does not oppose Mr. Nabors' motion, but requests the Court apply its ruling to the discussion of insurance coverage to both parties and grant his corresponding motion. [ECF 72 at 3]. Accordingly, the Court **GRANTS** Mr. Nabors' motion, and any disagreement respecting the scope of the ruling may be addressed at trial.

### d. *criminal conduct*

Mr. Nabors seeks an order instructing Trooper Tincher that he is not permitted to "directly or indirectly mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner any evidence, testimony, or suggestion" Mr. Nabors may have engaged in prior criminal conduct or had prior criminal arrests or convictions. [ECF 64 at 7]. Trooper Tincher responds he does not intend on introducing argument, evidence, or suggestion of past or prior criminal conduct argument, except for the criminal conduct and charges related to this case as outlined in discovery, at the trial in this matter. [ECF 72 at 3].

Accordingly, the Court **GRANTS** Mr. Nabors' motion except for the criminal conduct and charges related to the case. Any disagreement respecting the scope of the ruling may be addressed at trial.

### e. *prior criminal conduct – all witnesses*

Mr. Nabors seeks a similar order instructing Trooper Tincher that he is not permitted to "directly or indirectly mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner any evidence, testimony, or suggestion that any witness called by the Plaintiff, other than adverse witnesses, may have had engaged in prior criminal conduct or had prior criminal arrests or convictions." [ECF 64 at 11]. Mr. Tincher responds he does not intend on introducing argument, evidence, or suggestion of any past or prior criminal conduct, except for the

5

criminal conduct and charges related to this case. [ECF 72 at 3].

Accordingly, the Court **GRANTS** Mr. Nabors' motion except for the criminal conduct and charges related to this case. Any disagreement respecting the scope of the ruling may be addressed at trial.

### f. *criminal proceedings related to present proceedings*

Mr. Nabors seeks an order instructing Trooper Tincher "not to submit as an exhibit, directly or indirectly mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner the existence of the pretrial diversion agreement, or attachments thereto, entered into by Plaintiff Eugene Nabors as part of the Magistrate Court proceedings involving the incidents that occurred on February 11, 2020." [ECF 64 at 15]. In support, Mr. Nabors avers the "Resolution of Charges" and the "Addendum to Agreement – Agreed Generalization of Facts" "invades the province of the jury" as the documents assert legal conclusions and are not the "best evidence" under Rule 1002. [*Id*].

Trooper Tincher responds that the documents are relevant pursuant to *Federal Rule of Evidence* 401 and are therefore admissible under Rule 402. [ECF 72 at 4]. Further, Trooper Tincher asserts that the documents are probative and "without the underlying prejudicial nature required for exclusion under Rule 403." [*Id.* at 5]. Trooper Tincher then asserts that Rule 1003 allows for the admissibility of a duplicate document so long as the original document's authenticity is not being questioned, which Trooper Tincher claims it is not. [*Id.* at 6–7; Fed. R. Evid. 1003].

Rule 1002 provides, "To *prove the content* of a writing, recording, or photograph, the original writing, recording or photograph is required in order to prove its content unless these rules . . . provides otherwise." (emphasis added). Therefore, the "best evidence rule" is more aptly referred to as the "original document rule". *United States v. Smith*, 566 F.3d 410, 413 (4th Cir.

6

2009). Rule 1003 provides that, "A duplicate is admissible to the same extent as an original unless (1) a genuine issue is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

Mr. Nabors is attempting to incorrectly use Rule 1002 to exclude the "Resolution of Charges" and the "Addendum to Agreement – Agreed Generalization of Facts." He contends the best evidence is the video of the incident and eyewitness testimony, not the above documents. Plainly, the best evidence rule does not exclude the "Resolution of Charges" or the "Addendum to Agreement – Agreed Generalization of Facts."

Accordingly, the Court **DENIES** Mr. Nabors' motion to exclude the "Resolution of Charges" and the "Addendum to Agreement – Agreed Generalization of Facts." Mr. Nabors is given leave to raise anew at trial any Rule 403 objection to the documents. Prior to a ruling on the matter, the information must not be used in opening statements or thereafter.

### g. *prior bad acts*

Mr. Nabors seeks  "an Order instructing the Defendant [Sr. Trooper J.L. Tincher], his attorneys and witnesses, not to directly or indirectly mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner any evidence, testimony, or suggestion that the Plaintiff, witness Donte Nabors, or any other witness, other than adverse witnesses, called by the Plaintiff may have [] engaged in prior bad acts, had any history of criminal conduct, had prior criminal arrests or convictions, or engaged in criminal activities." [ECF 64 at 17]. Mr. Nabors also seeks "to exclude any evidence or argument related to any prior bad acts of Eugene Nabors, Donte Nabors, or any other witness, including any previous arrests, convictions, terms of imprisonment, or criminal activities." [*Id*]. Trooper Tincher "does not intend on introducing argument, evidence, or suggestion of any past or prior bad acts, with the exception of the criminal conduct and charges

related to this case as discussed herein and as outlined in discovery, at the trial in this matter." [ECF 72 at 2].

Accordingly, the Court **GRANTS** Mr. Nabors' motion except for the criminal conduct and charges related to this case. Any disagreement respecting the scope of the ruling may be addressed at trial.

### h. *redaction of records*

Mr. Nabors seeks "an Order requiring that all records submitted into evidence by either party be redacted to remove any reference to the 'Resolution of Charges' and an attachment styled 'Addendum to Agreement – Agreed Generalization of Facts' submitted by Plaintiff in the Magistrate Court proceedings related to the incident of February 11, 2020." [ECF 64 at 29]. In support, Mr. Nabors states "[i]ntroduction of past criminal conduct, wrong or other act by a party is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character or when its only object or effect is to show a person's propensity towards crime." [*Id*.] Mr. Nabors references his statement as a summary of Rules 404 and 609. Mr. Nabors also asserts these documents and any reference to them are neither relevant under Rule 402 nor admissible under Rule 403's balancing test. As an alternative method of exclusion, Mr. Nabors also cites to Rule 1002 which requires the use of original writings in this case.

Trooper Tincher objects that this evidence (1) is relevant under Rule 401, (2) accords with Rule 402, and (3) satisfies Rule 403's balancing test. Trooper Tincher also responds that the evidence complies with Rule 1002, and its exceptions detailed under Rule 1003 and Rule 1004. In support of this compliance, Trooper Tincher claims that Mr. Nabors "has raised no such claims as to authenticity [of the evidence] o[r] placed any argument before the Court as to how the

use of a duplicate would be unfair in this case." [ECF 72 at 10].

In accord with the earlier ruling, the Court **DENIES WITHOUT PREJUDICE AS MOULDED** Mr. Nabors' Motion in Limine that all records submitted into evidence be redacted to remove reference to the "Resolution of Charges" and an attachment styled "Addendum to Agreement – Agreed Generalization of Facts" from the Magistrate Court proceedings related to this incident. The parties must have both redacted and unredacted versions available for trial and use the applicable set dependent upon the Court's ruling on admissibility of the challenged documents under Rule 403, in the event such argument is hereafter timely lodged by Mr. Nabors at trial.

### i. *windfall damages*

Mr. Nabors seeks an order instructing Trooper Tincher to refrain from mentioning or introducing evidence that recovery would result in a windfall for Mr. Nabors. [ECF 64 at 9]. Trooper Tincher asserts he does not intend on introducing such evidence. [ECF 72 at 10]. Accordingly, the Court **GRANTS** Mr. Nabors' motion in limine pertaining to windfall damages.

### 2. Defendant's Omnibus Motions in Limine [ECF 65]

#### a. *golden rule*

Trooper Tincher seeks an order precluding any Golden Rule testimony, evidence, or argument at trial. Mr. Nabors did not respond. The Court **GRANTS** the motion insofar as it seeks to block any variation of the Golden Rule argument, and any disagreement respecting the scope of the ruling may be addressed at trial.

#### b. *sequestration of witnesses*

Trooper Tincher seeks the mandatory exclusion of witnesses pursuant to Rule 615. He also seeks the following instruction to the witnesses "upon leaving the courtroom, not to discuss

the case with other witnesses whose testimony has not yet been presented to the Court." [ECF 65 at 3]. Mr. Nabors did not respond. The Court **GRANTS** the motion and sequesters the witnesses pursuant to Rule 615. It is incumbent, however, upon the movant to renew the request prior to opening statements and, additionally, to remind the Court of the necessity of the requested instruction at the conclusion of each witness' testimony.

### c. *insurance or liability coverage*

Trooper Tincher seeks an order barring Mr. Nabors from introducing at trial Trooper Tincher's liability coverage pursuant to Rule 411. [ECF 65 at 3]. Mr. Nabors did not respond. Above, the Court granted Mr. Nabors' motion to instruct Trooper Tincher he is not permitted to introduce evidence regarding insurance coverage and ability to pay. Accordingly, the Court **GRANTS** Trooper Tincher's motion insofar as it seeks to preclude Mr. Nabors from introducing evidence of Trooper Tincher's liability insurance.

### d. *no formula for general damages*

Trooper Tincher seeks an order barring "any testimony, argument, or opinion by Plaintiff that would fix or suggest a formula or fixed-time basis for establishing a monetary loss for general damages, including damages for emotional suffering, mental anguish, annoyance and inconvenience, and loss of enjoyment of life." [ECF 65 at 4]. Mr. Nabors objects to Trooper Tincher's motion inasmuch as it seeks to preclude "any testimony or argument that suggests there should not be a monetary value attached to the violation of Plaintiff's constitutional rights under 42 U.S.C. §1983." [ECF 71 at 1].

"[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986). "Nominal damages

may be available in a § 1983 case if a plaintiff was deprived of an absolute right yet did not suffer an actual injury." *Reyes v. City of Lynchburg*, 300 F.3d 449, 453 (4th Cir. 2002) (citing *Carey v. Piphus*, 435 U.S. 247, 266 (1978)). Further, "[c]ompensatory damages for emotional injuries are recoverable under § 1983." *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001) (citing *Memphis Cmty. Sch. Dist.*, 477 U.S. at 307 ("[C]ompensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation ..., personal humiliation, and mental anguish and suffering." (internal quotation marks omitted) (ellipsis in original))). However, "damages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages in such cases." *Memphis Cmty. Sch. Dist.*, 477 U.S. at 309.

With these parameters, the parties are invited to reconsider their respective positions. Pending that reconsideration, Trooper Tincher's motion is **DENIED AS MOOT**. Any disagreement respecting the scope of the ruling may be addressed at trial.

### e. *forced to go to trial*

Trooper Tincher seeks an order precluding Mr. Nabors from introducing any evidence or argument that he was forced to go to trial. Mr. Nabors did not respond. The Court **GRANTS** the motion.

### f. *failure to settle*

Trooper Tincher seeks an order precluding Mr. Nabors from introducing any evidence or argument that the settlement failure of this case was the fault of Trooper Tincher. Mr. Nabors did not respond. The Court **GRANTS** the motion.

### g. *time in case proceeding trial*

Trooper Tincher seeks an order precluding Mr. Nabors from introducing any

evidence or argument that Trooper Tincher delayed the case from getting to trial. Mr. Nabors did not respond. The Court **GRANTS** the motion.

### h. rebuttal closing argument

Trooper Tincher seeks an order precluding Mr. Nabors from "from raising issues in rebuttal closing argument or discussing evidence beyond the scope of the evidence raised and issues discussed in Defendants' closing argument." [ECF 65 at 6]. Mr. Nabors did not respond. The Court **GRANTS** the motion.

### i. motion to exclude any and all evidence to use of force, complaint or lawsuits involving the defendant

Trooper Tincher seeks to preclude Mr. Nabors from presenting "any evidence, testimony, or argument with regard to prior citizen complaints or disciplinary matters involving Trooper Tincher." [ECF 69 at 6]. Trooper Tincher asserts the evidence is irrelevant under Rule 401 and 402, but if the Court were to find the evidence to be relevant it should still be excluded pursuant to Rule 403. Lastly, he asserts the evidence of prior citizen complaints or disciplinary matters would also violate Rule 404.

Mr. Nabors responds that such character evidence is admissible under Rule 404(b)(2) "for purposes such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" and under Rule 609 for impeachment purposes. [ECF 71 at 4].

The Court presently **RESERVES JUDGMENT** on the motion. The matter may be raised anew at trial but must not be mentioned prior to the Court ruling definitively upon the challenge.

### j. to preclude any reference to a "code of silence" or similar terms relating to generalized police misconduct

Trooper Tincher seeks an order precluding Mr. Nabors from referencing "any contention that there was a 'code of silence,' 'blue wall,' or the like describing situations in which police generally cover for their colleagues, as well as any other generalized testimony regarding a propensity or predisposition of police officers to lie or cover up their actions as irrelevant, without foundation, and unduly prejudicial to the specific factual issues in this case." [ECF 65 at 8]. Mr. Nabors did not respond. Accordingly, the Court **GRANTS** the motion.

### k. *to preclude reference to other events or litigation concerning police misconduct in any other forum*

Trooper Tincher seeks an order precluding Mr. Nabors "from arguing, analogizing, or otherwise mentioning any other cases of alleged police misconduct, including other cases involving alleged or proven unlawful use of force, during the pendency of this trial." [ECF 65 at 9]. Mr. Nabors did not respond. The Court **GRANTS** the motion.

### l. *to preclude evidence, testimony, or arguments relating to plaintiff's claim for loss and diminution of income and earning capacity*

Trooper Tincher seeks an order precluding Mr. Nabors from presenting testimony, argument, or evidence relating to any alleged loss and diminution of income and earning capacity. In support of his motion, Trooper Tincher asserts Mr. Nabors did not miss any work because of the incident and that Mr. Nabors never designated an expert for purposes of purported lost wages or loss of earning capacity. Mr. Nabors did not respond. Accordingly, the Court **GRANTS** the motion and precludes evidence relating to loss and diminution of income and earning capacity.

### m. *to preclude evidence, testimony, or arguments that plaintiff's criminal charges were dismissed*

Trooper Tincher seeks an order prohibiting Mr. Nabors from being allowed to "claim that his criminal charges stemming from the subject incident were simply 'dismissed.'" [ECF 65 at 12]. Trooper Tincher asserts statements that the charges were "dismissed" would be

13

both false and highly inflammatory. [*Id.*] He relies upon the assertion that the charges were resolved via the "Resolution of Charges," "wherein the Plaintiff admitted to unlawful conduct and a sixty (60) day deferral of prosecution" and therefore were not "dismissed." [*Id.*] Finally, Trooper Tincher contends that even if "dismissed" is deemed admissible, it should be subject to a Rule 403 analysis and be excluded as "prejudiced, confusing, and [] unnecessarily wast[ing] time at trial" by causing "additional witnesses" to be called. *Id.*

Mr. Nabors responds by confirming he entered the "Resolution of the Charges" and "Addendum to Agreement – Agreed Generalization of Facts" that "provided for a 60-day deferral of prosecution." [ECF 71 at 6]. However, he contends this agreement "does not preclude a statement that the criminal charges were dismissed." [*Id.*] Mr. Nabors does not agree that these charges were not "dismissed," contending that regardless of the stage of dismissal, the "charges were dismissed." [ECF 71 at 6, 7].

The "Resolution of Charges" and "Addendum to Agreement – Agreed Generalization of Facts" provides, "upon consideration of the charges" the parties agreed that "upon the successful completion hereof [it] will result in a *dismissal* thereof." [ECF 54-5.] Further, the agreement states that "upon execution hereof and successful completion, this matter will be *dismissed* and removed from the active docket of the court with prejudice." [*Id*].

As the "Resolution of Charges" and "Addendum to Agreement – Agreed Generalization of Facts" uses the term "dismissal," and explicitly state that the charges would be "dismissed and removed from the docket" upon successful completion, the word "dismissed" is neither false nor highly inflammatory. Without now resolving the matter, however, -- and in the spirit of the so-called "rule of completeness," -- mention of the dismissal may influence the Court's decision on the admissibility of other documents to fully explain that which dismissal was

contingent upon. Accordingly, the Court **DENIES** Trooper Tincher's motion. Prior to a ruling on the matter, the information must not be used in opening statements or thereafter.

**n.** *to preclude any and all previously undisclosed witnesses and evidence*

Trooper Tincher seeks an order precluding all previously undisclosed witnesses and evidence. In support of his motion, Trooper Tincher asserts Mr. Nabors' portion of the Pre-Trial Memorandum includes exhibits that have not been previously produced. [ECF 65 at 13]. Mr. Nabors did not respond.

Inasmuch as it is unclear what specific evidence Trooper Tincher is seeking to exclude, the Court presently **RESERVES JUDGMENT** on the motion.

**o.** *reservation of additional motions*

Trooper Tincher states that he "reserves the right to file additional motions in limine through the trial in this matter." [ECF 65 at 14]. The deadline for in limine motions has expired. The motion is **DENIED**.

### 3. Trooper Tincher's Motion in Limine to Preclude Undisclosed Expert Opinions or Opinion Evidence [ECF 66]

Trooper Tincher seeks an order precluding Dr. John Tabit and Dr. Christopher Grose, treating physicians of Mr. Nabors, from testifying as experts. Trooper Tincher requests the testimony of Dr. Tabit and Dr. Grose be limited to their treatment of Mr. Nabors for two reasons: (1) Mr. Nabors failed to supplement with these witnesses' names his response to interrogatories requesting the expert opinion letters, reports, or other writings of expert witnesses who may testify, and (2) while Dr. Tabit and Dr. Grose were timely disclosed as experts pursuant to *Federal Rule of Civil Procedure* 26, the required report and additional information explaining the opinions upon which each physician is expected to testify were not provided.

Mr. Nabors objects to this motion and asserts Dr. John Tabit and Dr. Christopher

Grose were timely disclosed as Mr. Nabors' treating physicians and/or medical professionals. Additionally, Mr. Nabors asserts neither of these doctors were asked to provide any report outside the medical records generated as a result of the treatment of Mr. Nabors. Also, Mr. Nabors does not anticipate the testimony of either doctor will encompass more than his medical treatment, recovery, future and past treatments, and their prognosis. [ECF 71 at 8].

*Local Rule of Civil Procedure* 26.1(b) provides in pertinent part "[t]he disclosures described in FR Civ P 26(a)(2)(B) shall not be required of physicians and other medical providers who examined or treated a party . . . unless the examination was for the sole purpose of providing expert testimony in the case."

Here, Dr. Tabit and Dr. Grose were timely disclosed and provided care to Mr. Nabors outside of the sole purpose of providing expert testimony. [ECF 66-3 at 2]. Thus, no expert report was required per *Local Rule of Civil Procedure* 26.1(b). Accordingly, the Court **DENIES** Trooper Tincher's Motion in Limine to Preclude Undisclosed Expert Opinions or Opinion Evidence [**ECF 66**]. If undisclosed opinions outside these narrow parameters are offered at trial, the Court will there address their admissibility.

**4. Trooper Tincher's Motion in Limine Regarding Argument, Testimony Or Evidence Concerning News Article Or Media Coverage Of The Event [ECF 67]**

Trooper Tincher seeks to preclude "testimony, evidence, or arguments regarding, references to, suggestions about, or attempts to introduce any evidence of news articles or media coverage of the subject incident." [ECF 67 at 1]. Trooper Tincher specifically mentioned the post-game remarks of Governor Jim Justice that garnered national attention and other news articles following the incident that have been supplied by Mr. Nabors. Trooper Tincher asserts such evidence is irrelevant as the claims remaining against him are for (1) excessive use of force, (2) assault, and (3) battery. Trooper Tincher asserts the post-game comments of Governor Justice

16

concerning race are not relevant and are highly prejudicial.

Mr. Nabors objects to Trooper Tincher's motion and asserts the news media information will be utilized to establish his embarrassment, mental anguish, and other damages. [ECF 71 at 9].

The comments of Governor Justice as well as news articles reporting on the incident are not relevant to Mr. Nabors' claims of excessive use of force, assault, battery, or damages. The news article and media coverage of the incident do not make it more or less probable that a violation of Mr. Nabors' constitutional rights occurred or that he suffered damage as a result. Accordingly, the Court **GRANTS** Trooper Tincher's motion in limine regarding argument, testimony or evidence concerning news article or media coverage of the event. [**ECF 67**].

### 5. Trooper Tincher's Motion in Limine Regarding Argument, Testimony or Evidence Concerning Racial Motivation [ECF 68]

Trooper Tincher seeks to preclude "testimony, evidence, or arguments regarding, references to, suggestions about, or attempts to introduce any evidence that the race of the Plaintiff was a motivating factor or otherwise caused or contributed to the subject incident." [ECF 68 at 1]. Trooper Tincher contends evidence regarding racial motivation is irrelevant as to whether Mr. Nabors' constitutional rights were violated. He states Mr. Nabors' claims for excessive use of force, assault, and battery do not include a racial discrimination claim. Trooper Tincher asserts the evidence is also unfairly prejudicial under Rule 403. Lastly, Trooper Tincher contends such evidence would violate Rule 404 as improper character evidence.

Mr. Nabors responds that his Amended Complaint contains multiple statements concerning the racial epithets yelled by Greenbrier East fans the night of the incident and suggests such comments may have been a "motivating fact in the initial confrontation that led to the assault" of Mr. Nabors. [ECF 71 at 15]. Thus, Mr. Nabors' asserts racial motivation is relevant and not

unfairly prejudicial.

The material has no tendency to make a fact of consequence more or less probable than it would be without the evidence. In addition to the lack of probative value, the material holds great potential for unfair prejudice, confusing the issues, and misleading the jury. The Court **GRANTS** Trooper Tincher's motion in limine regarding argument, testimony, or evidence concerning racial motivation. [**ECF 68**].

### 6. Trooper Tincher's Motion in Limine to Limit Improper Opinions and Testimony of Dr. Michael D. Lyman [ECF 69]

Trooper Tincher seeks "a ruling in limine, precluding testimony, evidence, or arguments regarding improper testimony and opinions concerning the contents of the video of the subject incident and the credibility of witnesses." [ECF 69 at 1]. Trooper Tincher asserts Dr. Lyman's testimony is inadmissible under Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). [*Id.* at 3]. Specifically, Trooper Tincher asserts that the offered testimony fails the two-part test laid-out in *Daubert*: "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. Additionally, Trooper Tincher asserts that the testimony is only being offered to "cast doubt on the credibility of other witnesses," and is thus inadmissible. [ECF 69 at 9]; *United States v. Dorsey*, 45 F.3d 809, 815 (4th Cir. 1995).

Mr. Nabors responds that the case law cited by Trooper Tincher focuses on excluding eyewitness expert testimony and Dr. Lyman is not expected to opine about the identity of those in the video, but instead about the unreasonableness of the defendant's conduct. [ECF 71 at 15-16]. Mr. Nabors asserts Dr. Lyman's testimony will assist the trier of fact to understand the fact of unreasonableness, and thus meets the second prong of the two-part *Daubert* test. [*Id.* at 19].

Rule 702 provides "[a] witness who is qualified as an expert by knowledge, skill,

experience, training, or education may testify in the form of an opinion." In order to testify the proponent must demonstrate to the Court that it is more likely than not that: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," (2) "the testimony is based on sufficient facts or data," (3) "the testimony is the product of reliable principles and methods," and (4) "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(a)-(d).

"Testimony from an expert is presumed to be helpful unless it concerns matters within the everyday knowledge and experience of a lay juror." *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993) (citing *Persinger v. Norfolk & Western Railway Co.*, 920 F.2d 1185, 1188 (4th Cir.1990)). "'Trouble is encountered only when the evaluation of the commonplace by an expert witness might supplant a jury's independent exercise of common sense.'" *Id.* (quoting *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir.1986)).

> The touchstone of the rule is whether the testimony will assist the jury. Focusing on that criterion, we have held that it does not help the jury for an expert to give testimony that states a legal standard or draws a legal conclusion by applying law to the facts because it supplies the jury with no information other than the witness's view of how the verdict should read.

*United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011) (internal citation omitted).

Generally, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). "'However, opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible.'" *Remy Holdings Int'l, LLC v. Fisher Auto Parts, Inc*, 90 F.4th 217, 234 (4th Cir. 2024) (quoting *United States v. McIver*, 470 F.3d 550, 561–62 (4th Cir. 2006)). Though, "[e]ven then, the inadmissability [sic] of the expert's ultimate opinion does not necessarily banish him from the stand altogether, because his

specialized knowledge may still assist the trier of fact in other ways." *Kopf*, 993 F.2d at 377–78.

In *Kopf* our Court of Appeals permitted expert testimony in an excessive force case and notes "the facts of every case will determine whether expert testimony would assist the jury." 993 F.2d at 379.

> As a general proposition, the "objective reasonableness" standard may be comprehensible to a lay juror. On the other hand, any "objective" test implies the existence of a standard of conduct, and, where the standard is not defined by the generic—a reasonable person—but rather by the specific—a reasonable officer— it is more likely that Rule 702's line between common and specialized knowledge has been crossed.

*Id.* at 378.

When courts are determining whether expert testimony assists the trier of fact to understand evidence or determine a fact in issue, courts consider "whether the testimony is within the common knowledge of the jurors." *United States v. Harris*, 995 F.2d 532, 534 (4th Cir. 1993). "This type of evidence, almost by definition, can be of no assistance to a jury." *Id*. Expert testimony "generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *United States v. Frazier*, 387 F.3d 1244, 1262–63 (11th Cir. 2004). In a case where the only relevant expert testimony involved the expert's opinions, given their particular interpretations of the contested facts, our Court of Appeals found the district court did not abuse its discretion in excluding such testimony. *Clem v. Corbeau*, 98 F. App'x 197, 201 (4th Cir. 2004).

There was no specialized use of force or weapons herein and no indication specialized knowledge was used or even necessary. In the event Trooper Tincher's testimony strays into a specialized area, the ruling may be revisited. But as the record stands presently, there is no basis under Rule 702 to permit the testimony. It will simply not be helpful to the finder of fact. This is the quintessential case where an adjudication resulting from a jury's factual findings

and application of the law falls squarely within their common understanding and experience. Accordingly, the Court **GRANTS** Trooper Tincher's motion. Dr. Lyman should nevertheless be available in person to testify in the event Trooper Tincher's direct examination strays to the point that counter testimony of an expert variety may be required, meaning Trooper Tincher's expert should likewise be available in person.

### 7. Trooper Tincher's Motion in Limine to Prohibit Introduction of Evidence That Was Not Produced in Discovery and Rule 26 Disclosures [ECF 97]

Trooper Tincher seeks an order excluding evidence that was not produced during discovery or in Civil Procedure Rule 26 Disclosures [ECF 97]. In support, Trooper Tincher asserts that Mr. Nabors failed to provide itemization, documentation, or computation of his claimed damages during the discovery period as required by Civil Procedure Rule 26(a)(1)(A)(iii) and such evidence should now be excluded under Civil Procedure Rule 37.

In response, Mr. Nabors asserts several points: (1) Trooper Tincher's motion is not timely as it was filed after the October 11, 2023 deadline; (2) Trooper Tincher has access to all medical bills and records that Mr. Nabors has, and even if Mr. Nabors did not properly itemize his medical bills and expenses as Trooper Tincher asserts, this nondisclosure would be substantially justified or harmless in accordance with our Court of Appeals' precedent; and (3) Mr. Nabors non-economic damages, such as mental anguish and emotional distress, cannot be itemized. [ECF 98].

In reply, Trooper Tincher first explains that both parties sought leave to amend their portions of the Integrated Pretrial Memorandum to address issues raised at the pre-trial conference. [ECF 99 at 2]. He asserts that because Mr. Nabors provided as exhibits to this memorandum his medical records and billing statements, Trooper Tincher has the right to address this issue pursuant to the leave he sought from the Court. [*Id.*]. In response to Mr. Nabors' argument that any nondisclosure would be substantially justified or harmless, Trooper Tincher engages in a lengthy

factor analysis, citing *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003). [*Id*. at 6]. Further, Trooper Tincher concedes that Mr. Nabors' non-economic damages cannot be itemized, but Trooper Tincher asserts that fourteen of the categories of damages claimed by Mr. Nabors are economic in nature, and thus must be itemized pursuant to Rule 26. [*Id*. at 8].

Civil Procedure Rule 26(a)(1)(A)(iii) states that "a party must . . . provide other parties: a computation of each category of damages claimed by the disclosing party." "The computation must be more than a lump sum figure or disclosure of financial documents." *Intercollegiate Women's Lacrosse Coaches Association v. Corrigan Sports Enterprises, Inc.*, No. 1:20-CV-425, 2023 WL 6800328, at *1 (M.D.N.C. Oct. 12, 2023).

However, undisclosed evidence may still be admitted where the nondisclosure is substantially justified or harmless. *Southern States*, 318 F.3d at 596. "District courts are accorded 'broad discretion' in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) (citing *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014)). To determine if a nondisclosure is substantially justified or harmless, the court must apply a five-factor test: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Bresler*, 855 F. 3d at 190 (citing *Southern States*, 318 F.3d at 597).

Given that Mr. Nabors only provided medical bills and expenses and authorizations without a computation of those damages, nor a computation of any other economic damages requested, he has affirmatively committed a nondisclosure under Civil Procedure Rule 26.

However, the Court must undertake a five-factor analysis to determine if this nondisclosure was substantially justified or harmless.

As to the first factor, the surprise to Trooper Tincher is insubstantial. Given that Trooper Tincher was able to access the medical bills, he could have foreseen a particular amount of damages requested. As to the second factor, Trooper Tincher could have cured the surprise by filing a motion to compel. As to the third factor, allowing the evidence would not likely disrupt the trial because it does not change any claim or defense of either party, only the relief sought by the Plaintiff. As to the fourth factor, the evidence is highly important to Mr. Nabors' case. His medical bills provide a basis for the relief that he can receive if the jury finds in his favor. Finally, as to the fifth factor, inasmuch as Mr. Nabors has not conceded that he failed to disclose the computation of damages sought, this factor weighs in favor of Trooper Tincher.

Inasmuch as four out of five of the *Southern States* factors weigh in favor of Mr. Nabors, and given the importance of the evidence, the Court **DENIES** Trooper Tincher's motion [**ECF 97**].

**D.     *Motion for Leave to Enlarge Time to File Motion in Limine Regarding Enhanced Video of the Subject Event with Proposed Document Attached [ECF 76]***

Trooper Tincher seeks to enlarge the time to file his motion in limine regarding enhanced video produced by Mr. Nabors. Trooper Tincher asserts the enhanced video was identified in Mr. Nabors' portion of the integrated pretrial memorandum on October 10, 2023, and he did not receive a copy of the enhanced video until October 17, 2023. Thus, he was unable to file a motion in limine prior to the October 11, 2023, deadline. Mr. Nabors objected to Trooper Tincher's motion stating (1) the enhanced video was provided to defense counsel on July 31, 2023, in advance of mediation, and (2) the relief Trooper Tincher is seeking in the proposed motion in limine requests to exclude all video, not just the enhanced video. [ECF 80] Trooper Tincher

responds that the video Mr. Nabors purports to have supplied him on July 31, 2023, is not the same as those received on or about October 10, 2023, and that he is only seeking to exclude modified video evidence.

Regardless of what video was received by Trooper Tincher on July 31, 2023, a review of the docket shows that on August 28, 2023, Mr. Nabors responded in opposition to Trooper Tincher's Motion for Summary Judgment with the enhanced video attached as Exhibit 3. [ECF 56]. On page three of his response in opposition Mr. Nabors states "[t]he surveillance video has been enhanced by Plaintiff's expert Authentic Forensics and this enhanced version is attached and incorporated herein by reference as *Ex. 3 Authentic Forensics Video*." [*Id.*]. Exhibit 3 was docketed by the Clerk's office on August 31, 2023, and is maintained in the Beckley Clerk's Office. [ECF 58]. Thus, the enhanced video was available to Trooper Tincher more than one month in advance of the motion in limine deadline.

Accordingly, the Court **DENIES** Trooper Tincher's Motion for Leave to Enlarge Time to File Motion in Limine Regarding Enhanced Video of the Subject Event with Proposed Document Attached [**ECF 76**].

However, the Court would nevertheless **DENY** the motion in limine attached as "Exhibit A" [ECF 76-1] inasmuch as the enhanced video is relevant and not unfairly prejudicial. The only difference with the two videos is the (1) lighting, and (2) zoom perspective, and the enhancement was completed by a professional. [ECF 80 at 4]. Additionally, the Court has already previously relied upon the enhanced video in its Memorandum Opinion and Order [ECF 90].

**E.      *Motions to Amend Proposed Integrated Pretrial Memorandum [ECF 74, 75]***

Mr. Nabors seeks to amend the proposed integrated pretrial memorandum to identify by name two additional fact witnesses – Taylor Gunter and Abigail Humphrey. Mr.

Nabors states at the time of the incident, Ms. Gunter and Ms. Humphrey were both minors, however, both are now adults and available to testify in this matter. Previously, Mr. Nabors identified school representatives from Woodrow Wilson and Greenbrier East as potential witnesses. Mr. Nabors asserts the testimony of Ms. Gunter and Ms. Humphrey is relevant to (1) the issues of racial slurs, and (2) the reasonableness of the force used by Trooper Tincher.

Trooper Tincher also seeks to amend the proposed integrated pretrial memorandum to (1) identify two additional fact witnesses – H. Rod Mohler, Esq., Assistant Prosecutor Greenbrier County Prosecuting Attorney's Office and an Agent or representative of the Greenbrier County Prosecuting Attorney's Office, and (2) to object to the Mr. Nabors' use of any enhanced version of the video of the subject event.

To the extent both parties seek to amend the integrated pretrial memorandum to add additional fact witnesses, the Court **GRANTS** Mr. Nabors' motion [**ECF 74**] and **GRANTS IN PART AND DENIES IN PART** Trooper Tincher's motion. The revised, proposed integrated pretrial order must be filed no later than **midnight on July 21, 2024**.

## II.

Accordingly, the Court rules as follows: Mr. Nabors' Motions in Limine [**ECF 64**] are **GRANTED IN PART, DENIED IN PART, AND DENIED WITHOUT PREJUDICE AS MOULDED**, Motion to Amend Proposed Integrated Pretrial Memorandum [**ECF 74**] is **GRANTED**, Motion for Leave to Use Court Technology and Bring Equipment into the Courtroom for Using During Trial [**ECF 77**] is **DENIED**, and Motion for Release of Petit Jury Panel Information [**ECF 89**] is **DENIED AS MOOT**.

Trooper Tincher's Omnibus Motions in Limine [**ECF 65**] are **GRANTED IN PART, DENIED IN PART, DENIED IN PART AS MOOT, AND RESERVES JUDGMENT**

**IN PART**, Motion in Limine to Preclude Undisclosed Expert Opinions or Opinion Evidence [**ECF 66**] is **DENIED**, Motion in Limine Regarding Argument, Testimony or Evidence Concerning News Article Or Media Coverage Of The Event [**ECF 67**] is **GRANTED**, Motion in Limine Regarding Argument, Testimony or Evidence Concerning Racial Motivation [**ECF 68**] is **GRANTED**, Motion in Limine to Limit Improper Opinions and Testimony of Dr. Michael D. Lyman [**ECF 69**] is **GRANTED**, Motion to Amend Proposed Integrated Pretrial Memorandum [**ECF 75**] is **GRANTED IN PART AND DENIED IN PART**, Motion for Leave to Enlarge Time to File Motion in Limine Regarding the Enhanced Video of the Subject Event with proposed document attached [**ECF 76**] is **DENIED**, Motion for Release of Petit Jury Panel Information [**ECF 78**] is **DENIED AS MOOT**, Motion for Leave to Use Courtroom Technology and to Bring Equipment Into Courtroom for Use During Trial [**ECF 79**] is **DENIED**, Motion in Limine to Prohibit Introduction Evidence at Trial That Was Not Produced in Discovery and Rule 26 Disclosures [**ECF 97**] is **DENIED**, and Motion for Release of Petit Jury Panel Information [**ECF 103**] is **GRANTED**.

The Court directs the Clerk to transmit a copy of this Memorandum Opinion and Order to the jury administrator, counsel of record, and to any unrepresented party.

ENTER:          July 17, 2024

Frank W. Volk
United States District Judge